# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER LYNN SCHMIDT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-CV-874 RLW |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Petition for Award of Attorney's Fees Pursuant to the Equal Access of Justice Act, 28 U.S.C. § 2412. (ECF No. 14). Plaintiff requests fees in the amount of $5,499.73, at the rate of $207.85 per hour for 23.1 hours of attorney work, and at the rate of $100 per hour for 6.8 hours of paralegal work. Plaintiff also requests reimbursement of the filing fee in the amount $402.00. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and Plaintiff agree to a fee award in the amount of $5,225.73. (ECF No. 15). Based on the following, the Court will award Plaintiff attorney and paralegal fees in the amount of $5,225.73, plus $402.00 for the filing fee.

**I.      Factual and Procedural Background**

Plaintiff Jennifer Lynn Schmidt filed this action, pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Defendant denying Plaintiff's application for a period of disability, disability insurance benefits, supplemental security income payments under the Social Security Act. (ECF No. 1). On March 28, 2022, the Court issued a Memorandum and Order and Judgment in favor of Plaintiff pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 12, 13). Plaintiff

filed a request for attorney's fees under the EAJA and a request for reimbursement of her filing fee.  (ECF No. 14).  Defendant filed a response on June 30, 2022.  (ECF No. 15).

**II.     Standard of Review**

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified; and (4) make the application within thirty days of final judgment of the action.  28 U.S.C. § 2412(d)(1)(B).  The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought.  *Id.*  "In sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action."

2

*Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)).  Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

**III.    Discussion**

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter.  First, Plaintiff is a prevailing party in this action because she has obtained a reversal of the Commissioner's denial of his application for benefits.  (ECF No. 12, 13).

Second, Plaintiff's application for attorney's fees is reasonable.  Plaintiff requests fees in the amount of $5,499.73 at the rate of $207.85 per hour for 23.1 hours of attorney work and the rate of $100 per hour for 6.8 of paralegal work.  Plaintiff includes an itemized statement from her attorney stating the actual time expended and the rate at which the attorney and paralegal fees were computed. The parties then agreed to an attorney and paralegal fee award of $5,225.73. Therefore, the Court will award Plaintiff attorney and paralegal fees in the amount of $5,225.73.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  "In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount

involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1301 JCH at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at *2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the U.S. Department of Labor, explaining the change in the cost of living since 1996 when the $125.00 hourly limitation became effective. (ECF No. 14-3). Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and a total fee award of $5,225.734 is reasonable. Plaintiff's application for fees was timely filed. Therefore, the Court will award Plaintiff $5,225.73 in attorney and paralegal fees.

Plaintiff has submitted a waiver regarding any award she may receive under the EAJA to her counsel of record. (ECF No. 14-2). The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned her right to the award to her attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

4

Plaintiff also seeks reimbursement of the filing fee in the amount of $402.00.  A judgment for costs, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency thereof in any court having jurisdiction of such action.  28 U.S.C. § 2412(a)(1).  "A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." *Id.*  Based on the foregoing, the Court will award Plaintiff costs in the amount of $402.00 for reimbursement of the filing fee, made payable from the Judgment Fund administered by the Department of the Treasury.

### IV.  Conclusion

Based on the foregoing, the Court will award Plaintiff her attorney and paralegal fees in the amount of $5,225.73 and reimbursement of the filing fee in the amount of $402.00.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Award of Attorney's Fees Pursuant to the Equal Access of Justice Act (ECF No. 14) is **GRANTED,** in part**.**

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff Jennifer Lynn Schmidt her attorney and paralegal fees in the amount of $5,225.73, subject to any pre-existing debt that Plaintiff owes the United States.  The check should be mailed to Plaintiff's counsel: Howard Olinsky, 250 S. Clinton Street, Suite 210, Syracuse, NY 13202.

**IT IS FINALLY ORDERED** that Plaintiff shall be reimbursed from the Judgment Fund of the U.S. Treasury in the amount of $402.00.

_Ronnie L. White_
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

Dated this 1st day of July, 2022.